UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAG ENTERPRISES, LLC, ) | |
| ) | Case No. 1:08-CV-01497 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE ANN ALDRICH |
| ) | |
| FIRST RESPONDER PRODUCTS, INC., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Plaintiff JAG Enterprises, LLC ("JAG") filed the instant action against First Responder Products, Inc. ("First Responder"), Eric Johnson ("Johnson"), and Richard Reincke ("Reincke") for breach of contract. Now pending before this court is the defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, to transfer to the Central District of California pursuant to 28 U.S.C. § 1404(a) [Doc. No. 7]. For the reasons set forth below, this court transfers this case to the United States District Court for the Central District of California.

**I.  Background Facts**

On May 9, 2008, JAG filed this action for breach of contract in the Cuyahoga County Court of Common Pleas (the "Ohio Litigation"). The Ohio Litigation was removed to this court on June 20, 2008. JAG claims that the defendants owe it $175,000 under certain loan agreements (the "Loan"). The

Ohio defendants claim that the Loan constituted a bridge loan entered into upon a promise of future equity financing. They also claim that the Loan and the promise of future equity financing were part of a larger scheme concocted by JAG and others to defraud the defendants.

On May 27, 2008, the Ohio defendants filed a complaint against JAG and several other defendants in the Central District of California (the "California Litigation"). In the California Litigation, the Ohio defendants claim that the Loan constitutes a small part of a larger and more complicated fraud scheme that violated federal securities laws. Specifically, they allege as follows:

> The [Loan] is a small portion of the [California Litigation defendants'] overarching scheme to i) fraudulently acquire a control block of stock in [First Responder]; ii) manipulate [First Responder] through promises of "equity financing" to get [First Responder] to take on obligations; iii) use those obligations (contracts, increased office space, more personnel) as ways to "pump" the stock price prior to the [California Litigation defendants'] "dump" of the stock; iv) lend money to [First Responder] as a "bridge" loan to the never-occurring equity financing; and v) use that "bridge loan" and the claim of a security interest (never perfected by any required filing) as a means to take over [First Responder] once the [California Litigation defendants have] obliterated the stock price.

[Doc. No. 20].

JAG claims that there is personal jurisdiction in the Northern District of Ohio because the Loan included the following forum selection clause designating venue in Cuyahoga County, Oho:

> Borrower hereby irrevocably submits to the non-exclusive jurisdiction of any Ohio state or federal court sitting in Cuyahoga County, over any action or proceeding arising out of or relating to this Note, and Borrower hereby irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined in such Ohio state or federal court. Borrower hereby waives any objection that it may now or hereafter have to the venue of any such suit or any such court that such suit is brought an inconvenient court.

The Ohio defendants claim that the forum selection clause is invalid because the contract was the product of fraud. Consequently, they argue that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In the alternative, they argue that the case

should be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a) because the issues involved in the Ohio Litigation comprise a small subset of the issues involved in the California Litigation.

## II.     Personal Jurisdiction

In the Sixth Circuit, a general allegation of fraud with respect to an agreement is insufficient to invalidate the forum selection clause contained within that agreement:

> [U]nless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause *to agree to the inclusion of that clause* in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause.

*Moses v. Bus. Card Express*, 929 F.2d 1131, 1138 (6th Cir. 2006) (emphasis in original). Here, the Ohio defendants have not argued or provided evidence demonstrating that any fraud induced them to agree to the inclusion of the forum selection clause itself. Consequently, the forum selection clause is valid. "A party may waive its right to challenge personal jurisdiction by consenting to personal jurisdiction in a forum selection clause." *Preferred Capital, Inc. v. New Tech Engineering,* Case No. 04-CV-2301, 2005 U.S. Dist. LEXIS 32619, *14 (N.D. Ohio Mar. 8, 2005) (*citing Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). JAG, therefore, is subject to personal jurisdiction in the Northern District of Ohio.

Johnson and Reincke are also subject to personal jurisdiction because they are officers of JAG, even though they were not parties to the Loan:

> A non-party to a contract may be bound by a forum selection clause if the party is so closely related to the dispute that it is foreseeable that the party will be bound.  For example, shareholders, officers, and directors of a corporation may be bound by a forum selection clause in a corporate contract.

*Highway Commercial Servs., Inc. v. Zitis*, No.2:07-cv-1252, 2008 WL 1809117, at *4 (S.D. Ohio Apr. 21, 2008). As officers of JAG, Johnson's and Reincke's relationships with the dispute were sufficiently close so as to make it foreseeable that they would be bound by the forum selection clause.

### III.    Transfer Pursuant to 28 U.S.C. § 1404(a)

Even where personal jurisdiction and venue are proper, a district court may exercise its broad discretion to transfer a civil action to a more convenient forum. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994); *see also Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F. 3d 531, 537 (6th Cir. 2002) (noting that "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness"). Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

First, § 1404(a) requires that this case could "have been brought" in the Central District of California. A transferee court may receive a case if (1) it has subject matter jurisdiction; (2) venue is proper; and (3) the defendant is amenable to process. *DeMoss v. First Artists Prod. Co.*, 571 F. Supp. 409, 412-13 (N.D. Ohio 1983). There is no question that the Central District of California satisfies this test. The Central District of California would have diversity jurisdiction over this case because the parties are completely diverse and the amount in controversy exceeds $75,000. Moreover, JAG could have brought this case against First Responder, Johnson, and Reincke in the Central District of California because First Responder's principal place of business is located in Newport Beach, California.

Next, the court must determine if transfer is proper for the convenience of the parties, or is otherwise in the interest of justice. The court must balance several case-specific factors, including both

the private interests of the parties as well as public interest concerns. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

### *A. Convenience of the Parties and Witnesses*

The convenience of the parties weights heavily in favor of transfer pursuant to 28 U.S.C. § 1404(a). As previously stated, the Ohio Litigation comprises one small facet of the California Litigation. If the two suits were allowed to proceed in different jurisdictions, parties and witnesses to the California Litigation, many of whom have no ties to Ohio, would be required to testify in the Ohio Litigation as well. This would result in major inconveniences to the parties and witnesses involved in the California Litigation. Transfer of the case to California, however, would result in no major inconvenience to JAG because JAG is already involved as a defendant in the California Litigation.

### *B. Interest of Justice*

Judicial economy also weighs heavily in favor of transfer pursuant to 28 U.S.C. § 1404(a). It is clear that considerations of efficiency require that the two cases be tried together because the Ohio Litigation will involve many of the same claims, defenses, and issues as the California Litigation. Most importantly, the validity of the Loan will be determined in the California Litigation. Allowing parallel proceedings would result in inefficiencies and could result in inconsistent decisions. The public interest in promoting judicial economy and systemic integrity, therefore, also warrants the transfer of this case to the Central District of California.

JAG has argued that transfer is improper given the validity of the forum selection clause. Ordinarily, a plaintiff's choice of forum is given considerable weight or deference in balancing various factors for and against transfer. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 242 (1981). However, where the chosen forum has little or no relation to the parties, cause of action, or location of evidence

(including witnesses), plaintiff's choice becomes just one of the many factors to be weighed equally with other relevant factors. *See Int'l Union, U.A.W. v. Aluminum Co. of Am.*, 875 F. Supp. 430, 433 (N.D. Ohio 1995) (noting that plaintiff's choice of forum is not an explicit factor set forth in § 1404 and finding that, while "it is to be awarded some weight, it is not of paramount importance"); *see also DeMoss*, 571 F. Supp. at 413 (finding that plaintiff's choice of forum is "one factor to be weighed equally with other relevant factors" and that plaintiff's choice "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff" and also finding "no justification for denying a transfer solely because [the plaintiff] has chosen to sue here") (citations omitted).

Here, the Ohio defendants entered into an agreement containing a forum selection clause. The chosen forum, however, has a limited relation to the parties, the cause of action, and the location of evidence. First Responder is a Delaware corporation with principal places of business in Arizona and California. Johnson and Reincke are citizens of Arizona. The Loan was negotiated and executed in Arizona. That plaintiff JAG is located in Ohio is one of the only facts connecting the defendants with Ohio. Given that the Ohio defendants have few connections with Ohio, the forum selection clause weighs only slightly in favor of the plaintiffs. That the language of the forum selection clause is permissive, rather than mandatory, further underscores the fact that the clause should be afforded less weight in this analysis. *See Braman v. Quizno's Franchise Co.*, No. 5:07CV2001, 2008 WL 611607, at *6 (N.D. Ohio Feb. 20, 2008) (noting that a permissive forum selection clause, which "merely authorizes jurisdiction in the specified forum, but does not require that forum to be the exclusive venue for litigation," may be accorded less weight than a mandatory selection clause in a § 1404(a) analysis).

The convenience of the parties and considerations of judicial economy both weigh in favor of transfer pursuant to 28 U.S.C. § 1404(a). With only the plaintiff's choice of forum to support its argument against transfer, the scales are easily tipped in favor of transfer.

## IV.  First-to-File Rule

JAG also objects to a transfer to the Central District of California because it filed the Ohio Litigation two weeks before the defendants filed the California Litigation. JAG argues that transfer to the Central District of California is improper under the first-to-file rule. The rule "is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*, 16 Fed.App'x. 433, 437 (6th Cir.2001) (*quoting In re Burley*, 738 F.2d 981, 988 (9th Cir.1984)). JAG, therefore, argues that the Ohio Litigation should be allowed to proceed to judgment.

District courts, however, may dispense with the rule where equity demands. *Id.* "Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Id.* Courts have also identified convenience as an exception to the rule:

> Another exception to the first-to-file rule applies if "the balance of convenience weighs in favor of the later-filed action." This is analogous to the "convenience of parties and witnesses" on a transfer of venue motion pursuant to 28 U.S.C. § 1404(a). The court with the first-filed action should normally weigh the balance of convenience and decide whether an exception to the first-to-file rule applies.

*Greenline Indus., Inc. v. Agri-Process Innovations, Inc*., No. C 08-2438 CW, 2008 WL 2951743, at *3 (N.D. Cal. July 28, 2008) (internal citations omitted). Assuming that the first-to-file rule applies at all,

this court finds that considerations of convenience warrant this court's dispensing of the rule. This determination is based on the same analysis of convenience that contributed to this court's decision to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a).

## V.     Conclusion

For the reasons set forth above, the court orders the Clerk of the Court to transfer this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

*/s/ Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: November 24, 2008**